GERTRUDE ARLENE PERRY, by EMMA O. PERRY, Her Guardian ad Litem, Respondent, *v.* ALPHEUS P. PERRY, Appellant, Impleaded with EMMA O. PERRY, Defendant.

Third Department, May 8, 1918.

**Real property — action for waste — damages.**

Where in an action for waste by the owner of a one-half interest in a farm, the owner of a dower interest therein was made a party, and it appeared that said defendant tore down a new barn upon the farm and removed the timber and lumber to her own place; that the barn had been constructed by the plaintiff apparently from lumber and timber taken from the farm, the cutting of which represents a part of the injury for which damages are claimed, said defendant should not recover any damages from the plaintiff, for the injury committed by the removal of the barn must have injured him more than the cutting of the timber could have injured her.

Since the actual damages awarded are less than the value of the plaintiff's life estate, his interest in the property should not be forfeited or terminated.

APPEAL by the defendant, Alpheus P. Perry, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Essex on the 23d day of August, 1917, upon the decision of the court, the jury having been discharged by consent.

*Patrick J. Tierney*, for the appellant.

*Spencer G. Prime, 2d* [*Ernest C. Gordon* of counsel], for the respondent.

PER CURIAM:

In this action for waste upon a verdict for $200 damages, judgment has been entered for triple damages against the appellant for $600, of which $534.50 is in favor of the plaintiff and $65.50 in favor of the defendant Emma O. Perry, with costs and a forfeiture of the appellant's life estate in one-half of the premises.

The judgment seems harsh. The defendant Emma O. Perry has been awarded a judgment on account of the appellant having committed waste, he being a life tenant and owning one-half interest in the farm and she having a dower interest. The evidence shows clearly that she tore down a new barn upon the farm and removed the timber and lumber to her own place. This barn had been constructed by the appellant, apparently from lumber and timber taken from the farm, the cutting of which represents a part of the injury for which damages have been recovered. The damages are based upon a depreciation in value by the removal of the timber from the premises.

At the trial, by order made in open court, she was made a defendant and served no answer. The order declared her a party defendant with the same force and effect as if made a party by the original summons. Under the conceded facts, it is unjust that she should recover any damages from the appellant, when the injury committed by the removal of the barn must have injured him more than the cutting of the timber could have injured her. The proceedings were quite informal; neither defendant served an answer upon the other. Considering the position of Emma O. Perry as a defendant in the case, the judgment in her favor should not stand against

the appellant. The plaintiff has not appealed, and the actual damages awarded, $178.18, making triple damages of $534.50, are less than the value of the appellant's life estate which is found to be $186, and for that reason the appellant's interest in the real estate cannot be forfeited or terminated.

The judgment is, therefore, modified by striking therefrom the provision declaring appellant's interest in the premises forfeited and by striking therefrom or reversing the provision awarding damages to Emma O. Perry, and as so modified the judgment is affirmed, with costs to the appellant to be taxed, such costs to be offset against the recovery.

All concurred.

Judgment modified by striking therefrom the provision declaring the appellant's interest in the premises forfeited, and by striking therefrom or reversing the provision awarding damages to Emma O. Perry, and as so modified judgment affirmed, with costs to the appellant to be taxed, such costs to be offset against the recovery.